

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00885-CV

**IN THE INTEREST OF A.S.A.** and A.S.A., Minor Children

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-1794-CV-C
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 24, 2019

AFFIRMED

Dad appeals the trial court's order terminating his parental rights to his children A.S.A. and A.S.A.[1] Dad asserts the trial court could not have found by clear and convincing evidence that terminating his parental rights is in the children's best interests. We affirm the trial court's order.

### BACKGROUND

On August 8, 2017, the Department conducted an unannounced home visit based on a report of negligent supervision. The report indicated Mom was using cocaine at a friend's home, and Mom left her younger child with a person who was also using cocaine.[2] Mom's oral swab tested positive for cocaine and marijuana. The Department petitioned for conservatorship; the trial

---

[1] To protect the minors' identities, we refer to Appellant and the children using aliases. *See* TEX. R. APP. P. 9.8.
[2] Because Dad is the only appellant, we recite only those facts that pertain to Dad or the children.

court appointed it as the children's temporary managing conservator and ordered Dad to complete a service plan.[3]  After a one-day bench trial, the trial court found by clear and convincing evidence that Dad's course of conduct met Family Code section 161.001(b)(1)'s grounds (D), (E), and (O), and terminating Dad's parental rights was in the best interests of the children.  Dad appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[i] the Department must meet and the statutory grounds[ii] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[iii] and factual[iv] sufficiency standards of review.  We apply them here.

## BASES FOR TERMINATING DAD'S PARENTAL RIGHTS

**A.      Dad's Course of Parental Conduct**

Dad does not challenge the trial court's findings that Dad's course of conduct met statutory grounds (D), (E), and (O).  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O).

**B.      Best Interests of the Children**

Dad challenges the sufficiency of the evidence for the trial court's finding that terminating his parental rights is in his children's best interests.  *See id.* § 161.001(b)(2).  The Family Code statutory factors[v] and the *Holley* factors[vi] for best interests of the children are well known.  Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interests of the children.

**C.      Witnesses at Trial**

In a one-day bench trial, the trial court heard testimony from Alexis Villanueva and Sonya Riley, the Department case workers; Dr. Jacob Pickard, a clinical psychologist; Rosemary Coates, a licensed professional counselor; the foster mom; and Appellant.  The trial court also heard from

---

[3] Mom was placed on a service plan, but at trial, she voluntarily relinquished her parental rights.

the children's attorney ad litem. The trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

**D.     Evidence of Best Interests of the Children**

The trial court heard the following testimony.

The psychologist noted that when Dad answered his questions, he was manipulative and dishonest. He gave misleading or incomplete answers, particularly about the degree of domestic violence he committed, the frequency and amount of alcohol he drank, and the nature of his relationship with Mom. Dad tried to coerce Mom to lie. Dad and Mom have a troubled relationship: Dad abuses alcohol and commits domestic violence; Mom uses illegal drugs and neglects the children. Others testified that since 2012, Mom and Dad's conduct prompted at least four Department investigations.

Dad becomes angry and violent when he drinks, and his prolonged history of alcohol abuse has led to criminal offenses. Dad's criminal history over the ten years before trial included three previous convictions for assault causing bodily injury—two with a family violence finding.

Throughout the plan period, Dad consistently refused to take personal responsibility for his conduct that adversely affected the children. At trial, Dad expressed some degree of responsibility for his actions, but the psychologist and the case workers testified otherwise. Dad also failed to provide a home environment that would be safe and secure for the children.

**E.     Dad's Plan Compliance**

Dad was ordered to complete, inter alia, the following actions and services. He started a domestic violence course but did not complete it. He did not attend even one AA meeting. He did not obtain a Texas driver license or provide a written family safety plan explaining how his

children would be cared for while he was at work.  *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

**F.      Dad's Care for the Children**

Dad knew Mom was using drugs around the children, but he took no steps to protect the children.  When the children were removed, they were overweight, infested with lice, riddled with dental caries, and very unhappy.  In spite of the case worker's counsel, he did not make his home safe for his very young children by covering up exposed electrical outlets, securing his television so it could not fall on the children, removing the extensive black mold from the refrigerator and bathroom, or placing a bottle of bleach out of reach of his toddler.  *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

**G.      Dad's Behaviors Affecting the Children**

Dad had a more than ten-year history of alcoholism and domestic violence, including treatment for alcoholism followed by relapse.  Dad's visits with his children "destabilized" them.  After each visit, the children would revert to previous problematic behaviors such as wetting themselves, having nightmares, and being fearful of intruders.  When the children returned to their foster family, the children's behaviors stabilized and their anxieties subsided.  The older child's counselor stated it was emotionally harmful for the child to visit Dad.  *See* TEX. FAM. CODE ANN. § 263.307(b)(3), (6), (7), (8), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

**H.      Options, Recommendations**

Since their placement with the foster family, the children are doing exceedingly well.  The foster family immediately treated the children's lice infestation, which has not recurred.  The children are eating healthful diets; they are no longer overweight.  They play and exercise regularly.  Each is receiving any needed medical or dental care.  The foster parents are meeting the needs of each child, they love the children, the children are doing well under their care, and the

foster parents want to adopt both children. *See* TEX. FAM. CODE ANN. § 263.307(b)(13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

Both the Department case workers and the children's ad litem recommended Dad's parental rights to the children be terminated.

Considering all the evidence under the two evidentiary standards, we conclude the trial court could have formed a firm belief or conviction that terminating Dad's parental rights to his children was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).

## CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence (1) of at least one predicate ground for termination and (2) that termination of Dad's parental rights is in the best interest of each child, we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[i] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *D.M.*, 452 S.W.3d at 472.

[ii] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Appellant's course of conduct met the following criteria or grounds:

    (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

    (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; [and]

    . . . .

    (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for

not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*Id.* § 161.001(b)(1).

[iii] <u>Legal Sufficiency</u>. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *In re J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266).

[iv] <u>Factual Sufficiency</u>. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.

[v] <u>Statutory Factors for Best Interest of the Child</u>. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

(1)   the child's age and physical and mental vulnerabilities;
(2)   the frequency and nature of out-of-home placements;
(3)   the magnitude, frequency, and circumstances of the harm to the child;
(4)   whether the child has been the victim of repeated harm after the initial report and intervention by the department;
(5)   whether the child is fearful of living in or returning to the child's home;
(6)   the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
(7)   whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
(8)   whether there is a history of substance abuse by the child's family or others who have access to the child's home;
(9)   whether the perpetrator of the harm to the child is identified;
(10)   the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
(11)   the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
(12)   whether the child's family demonstrates adequate parenting skills; . . . and
(13)   whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018) (recognizing statutory factors).

[vi] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

(A) the desires of the child;
(B) the emotional and physical needs of the child now and in the future;
(C) the emotional and physical danger to the child now and in the future;
(D) the parental abilities of the individuals seeking custody;
(E) the programs available to assist these individuals to promote the best interest of the child;
(F) the plans for the child by these individuals or by the agency seeking custody;
(G) the stability of the home or proposed placement;
(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I)   any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).